In the Matter of the Application of EUGENIA QUINLAN for Payment of Award Made for Parcel No. 25 on the Damage Map and in the Final Decree of the Supreme Court as to Damage and Benefit in the Proceeding to Acquire Title to Bear Swamp Road from West Farms Road to White Plains Road, in the Borough of Bronx, City of New York.

EUGENIA QUINLAN, Appellant; COMPTROLLER OF THE CITY OF NEW YORK and Another, Respondents.

First Department, February 14, 1936.

*Grover C. Sniffen,* for the appellant.

*Lewis Orgel* of counsel [*Paxton Blair* and *Dix W. Noel* with him on the brief; *Paul Windels, Corporation Counsel,* attorney], for the respondents.

McAvoy, J.   The proof showed that Francis J. Quinlan died May 9, 1904, a resident of Louisiana, without heirs, and intestate as to real property in New York.   He was seized of a parcel of land in Bronx county involved in the proceeding at bar.   He left a holographic will, wherein he granted a life estate to Frances J. Quinlan (an illegitimate daughter), with the remainder in fee to his daughter-in-law, Eugenia Quinlan, the petitioner.

The will was not executed in accordance with the laws of New York, and, therefore, was not valid to pass title to real property in New York.   His only descendant was his daughter who was incompetent to take by inheritance.   As he left no heirs at law, his lands in New York escheated at his death to the State.   While title was vested in the People of the State of New York, the city sought to acquire a portion of the property for the opening of Bear Swamp road.   The part involved in the street opening proceeding is damage parcel 25.

On March 1, 1916, title vested in the city of New York to a parcel of land designated as damage parcel No. 25 in the proceeding entitled " In the Matter of Acquiring Title to Bear Swamp Road from West Farms Road to White Plains Road, in the Borough of

Bronx, City of New York." By the final decree in that proceeding dated October 6, 1919, an award for damage parcel No. 25 in the sum of $3,687.80, representing $3,078.30 as damages and $609.50 as interest, was made to an unknown owner.

On April 4, 1933, the petitioner made a motion to have the award paid to her. The matter was referred to a referee to take proof of the facts and report his opinion thereon to the court. The referee found that damage parcel No. 25 was part of a tract of land owned by Francis J. Quinlan, that an award of $3,078.30 as damages and $609.50 as interest had been made to an unknown owner for that damage parcel, and that an assessment of $2,762.17 had been levied against the remaining property of Francis J. Quinlan. The referee found that Francis J. Quinlan died on May 9, 1904, leaving a holographic will, in which he stated: " I give to my daughter Frances J. Quinlan the usufruct of my entire estate, and the naked ownership thereof to Eugenia Quinlan, my daughter in law." This instrument was invalid under our law to pass real property as not being properly witnessed.

The referee further found that " Frances J. Quinlan, since deceased, an illegitimate daughter, was the only survivor of the said Francis J. Quinlan; " that by reason of the illegitimacy of Frances J. Quinlan, the lands escheated to the State of New York on the death of Francis J. Quinlan; and that Eugenia Quinlan was the owner of the lands by letters patent from the People of the State of New York releasing to her the State's right acquired on the escheat of the lands of Francis J. Quinlan.

The referee concluded that the condemnation proceeding was void, both as to the award and the assessment; that the petitioner owned the fee of damage parcel No. 25; and that the city of New York was liable to ejectment. The referee concluded that the petitioner was entitled to the condemnation award without deduction of the assessment on tender of a deed to damage parcel No. 25.

The Special Term modified the referee's report so as to direct the comptroller to pay the award after deducting " any assessment levied in the above-entitled proceeding upon the parcel of land of which Damage Parcel No. 25 formed a part, and any other assessments, taxes and other charges which were a lien against said damage parcel prior to the acquisition thereof by said City " on the presentation, within ten days, of a stipulation by Eugenia Quinlan that the condemnation proceedings were valid and the assessments levied therein proper and deductible from the amount of the award.

The order further provided that unless said stipulation were filed with the comptroller, the motion to confirm the referee's

report would be denied and the proceedings dismissed. The stipulation was never filed.

After the passage of the act (Chapter 575 of the Laws of 1918, authorizing the Commissioners of the Land Office to release all lands which had escheated to the State) proceedings were had in the Supreme Court, requiring payment to the executors of Quinlan's estate of certain moneys paid to the chamberlain.

The questions of fact involved in the proceeding at bar were adjudicated in those proceedings. The referee's report and order of confirmation were received in evidence in the case at bar.

The order confirming his report was entered in 1924, on notice to the corporation counsel and the Attorney-General, and the order has not been reversed or modified, and adjudicates the facts.

In petitioner's application for the return of the lands, she referred to the proceedings to acquire title to Bear Swamp road, and set forth that she was willing to accept the amount of the award made in condemnation, for the portion of the property claimed to have been taken by the city, and release to the city the damage parcel. Her application to the Land Board was granted, and the People of the State of New York issued a patent, releasing the lands to her, including the fee of the street, damage parcel 25, involved in this proceeding.

Immediately upon the issuance of the patent, and in conformity with her promise, and adopting the procedure followed in *Matter of People* [*Melrose Avenue*] (234 N. Y. 48), she applied to the Supreme Court for the award. That is the proceeding before the court.

Assessments for benefit were levied, which almost equal the award.

There was received in evidence the certificate of the Comptroller of the State of New York to the effect that notice of levying the assessments in the proceeding to acquire title had not been given to the State Comptroller, in accordance with section 19 of the Public Lands Law.

On the death of Francis J. Quinlan the lands escheated to the State.

The title of the People to the damage parcel acquired by escheat was conveyed to the petitioner by letters patent, and she alone has the rightful claim thereto, and any award therefor.

Notice not having been given in accordance with the Public Lands Law, section 19, the assessment was not legal.

Assessments for local improvements may be imposed upon such land, but only after compliance with restrictions, *e. g.*, notice to the State Comptroller, which in this case were disregarded. (*Matter of People* [*Melrose Avenue*], *supra*, p. 50.)

Special Term sought to compel payment of the assessment by stating that it did not follow that the grantee could assert failure to give notice of the assessment as a reason for exempting her from liability therefor and that the choice lay with the State to assert or waive a claim of lack of notice.

If the People, on the release of the property to appellant, had made the grant subject to her paying such assessment, the patent would have so stated. The patent was issued to her by the sovereign power and it was not for the court to place any limitation upon the grant. She held the grant free of the assessment and no one, therefore, had a right to impose it upon her.

A dismissal of the proceeding, if allowed to stand, will result only in ejectment and subsequent condemnation proceedings, to the additional expense of the taxpayers of the city of New York. New assessments will have to be levied upon all of the surrounding property, where assessments already have been collected for the same thing.

The order in so far as it modifies the report of the referee should be reversed, and the award, the payment of which to the appellant was directed by the Special Term, should be subject only to the deduction for such taxes and assessments as were a lien against the damage parcel prior to the escheat.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; O'MALLEY, J., dissents and votes to affirm.

Order, in so far as it modifies the report of the referee, reversed, and the award, the payment of which to the appellant was directed by the Special Term, should be subject only to the deduction for such taxes and assessments as were a lien against the damage parcel prior to the escheat. Settle order on notice.